UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KAPPA ALPHA THETA FRATERNITY, INC.; KAPPA KAPPA GAMMA FRATERNITY; SIGMA CHI; SIGMA ALPHA EPSILON; SIGMA ALPHA EPSILON--MASSACHUSETTS GAMMA; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3,<br><br>Plaintiffs,<br><br>v.<br><br>HARVARD UNIVERSITY; PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION),<br><br>Defendants. | : : : : : : : : : : : : : : : : : : : | Civil Action No. 18-cv-12485-JGD |

**RESPONSE OF PRESIDENT AND FELLOWS OF HARVARD COLLEGE
TO MOTION FOR LEAVE OF COURT TO PERMIT STUDENT PLAINTIFFS
TO PROCEED UNDER PSEUDONYMS AND FOR A
PROTECTIVE ORDER TO PROTECT THEIR IDENTITIES**

Defendant President and Fellows of Harvard College[1] ("Harvard") submits this memorandum in response to Plaintiffs' Motion (ECF No. 6) that Plaintiffs John Doe 1, John Doe 2, and John Doe 3 (collectively, "the John Doe Plaintiffs") be authorized to proceed under pseudonyms in this case and that a protective order be entered to protect the individuals' identities from disclosure. Harvard notes that there are serious doubts as to whether the John Doe Plaintiffs are able to meet the legal standard for proceeding pseudonymously; however, for the reasons stated below, Harvard does not object to that request at this time, subject to the

---

[1] The Complaint identifies the defendants as "Harvard University" and "President and Fellows of Harvard College (Harvard Corporation)." Although the caption on our filings will follow the caption on the Court's docket, there is in fact no legal entity known as Harvard University; President and Fellows of Harvard College is the sole legal entity comprising the University.

reservations below.  Harvard opposes Plaintiffs' request for a protective order as premature.

In determining whether a plaintiff should be allowed to proceed anonymously, the Court starts with a presumption in favor of disclosure.  The plaintiff must rebut the presumption by showing that a need for confidentiality exists, and the Court must balance a plaintiff's showing of need against the public's interest in disclosure.  *Doe v. Bell Atlantic*, 162 F.R.D. 418, 420 (D. Mass. 1995).  "Economic harm or mere embarrassment [is] not sufficient to override the strong public interest in disclosure."  *Id.*  Nor is stigmatization sufficient.  *Doe v. Aetna Life Ins. Co.*, Case No. 14-14716, 2016 WL 7799638, at *4 (D. Mass. 2016).  Rather, "[i]n the civil context, the plaintiff instigates the action, and, except in the most exceptional cases, must be prepared to proceed on the  public record."  *Bell Atlantic*, 162 F.R.D. at 422; *accord Patrick Collins, Inc. v. Does 1-38*, 941 F. Supp. 2d 153, 161 (D. Mass. 2013) (a plaintiff may proceed pseudonymously only in "exceptional circumstances, such as matters of highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity") (quotations omitted).  It is far from clear that Plaintiffs have met this high standard in this case, and they likely have not.  In particular, Harvard certainly does not concede—and, in fact, flatly rejects—the allegations in Plaintiffs' Motion and Memorandum supporting the request for anonymity, such as the wild speculation that Harvard could use "coercive discipline" against the John Doe Plaintiffs in retaliation for filing this action.  ECF No. 7, at 5.

Nevertheless, because the identity of the John Doe Plaintiffs has no legal relevance at the pleading stage, Harvard reserves any objection to their proceeding pseudonymously for the time

being.[2]  Harvard intends to file a motion under Federal Rule of Civil Procedure 12.  That motion should be granted.  If the case is dismissed at the pleading stage, neither Harvard nor the Court will need to know the identities of the John Doe Plaintiffs.[3]  But the John Doe Plaintiffs' identities will likely become an issue if the case proceeds past the pleading stage; thus, Harvard does not concede that pseudonymous treatment will be appropriate throughout this litigation.

With respect to the request that the Court impose a protective order, that request is premature for several reasons.  No one has sought to discover the John Doe Plaintiffs' identities, nor is discovery imminent.  The Court also is not yet in a position to determine whether their identities will at some point be "relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1); *see* Fed. R. Civ. P. 26(d)(1) (discovery not to begin until after the Rule 26(f) conference).  If the Rule 12 motion is denied, and this case proceeds beyond the pleading stage, Harvard will likely need more information about the John Doe Plaintiffs' identities to test the truth of the allegations in the Complaint.  And while Plaintiffs' Motion acknowledges that the Protective Order cannot bar Harvard from obtaining information "necessary" to its defense,[4] it is simply too early in these proceedings to consider the proper scope of a protective order—though Plaintiffs' proposal, which would sweep far beyond

---

[2] Harvard takes this position with the understanding and agreement of Plaintiffs that the John Doe Plaintiffs will not take advantage of their anonymity to develop their case outside the discovery process or to gather facts to support their claims during the litigation.

[3] The only potential relevance at this stage would be to assess any conflict of interest between John Doe Plaintiffs and counsel.  Now that Harvard's counsel have entered appearances, if the John Doe Plaintiffs are aware of any conflict with Harvard's counsel it is incumbent on them to identify it promptly or be barred from raising it later.  (Neither Harvard nor its counsel has any reason to believe any such conflict exists.)

[4] *See, e.g.*, ECF No. 7, at 16 (seeking a protective order protecting the John Doe Plaintiffs' identities from disclosure to Defendants "*unless such disclosure is necessary to defend against this action*") (emphasis added); *see also* ECF No. 6-4 (Proposed Order), at 1 ("Defendants and third parties SHALL NOT have access to John Doe 1, John Doe 2, and John Doe 3's identities other than as may be necessary to defend against this action . . . .") (emphasis in original).

information developed in discovery, exceeds any reasonable boundary.  If the case is not dismissed at the pleading stage, Harvard will discuss the necessity and scope of a protective order with Plaintiffs.  Indeed, the Federal Rules specifically require litigants "from whom discovery is sought" to meet and confer *before* seeking a protective order.  Fed. R. Civ. P. 26(c)(1).  Plaintiffs have not done so, nor has discovery been sought from them.  There is no exigency that justifies rushing this request to the Court.

For the foregoing reasons, Harvard reserves any objection at this time to the Plaintiffs' request that the John Doe Plaintiffs proceed pseudonymously, but does not concede that Plaintiffs have met the high standard to proceed pseudonymously.  Harvard requests that Plaintiffs' motion for a protective order be denied as premature.

Respectfully submitted,

PRESIDENT AND FELLOWS OF HARVARD COLLEGE

By its attorneys,

    */s/ Roberto M. Braceras*
Roberto M. Braceras (SBN 566816)
Joshua James Bone (SBN 687722)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: +1 617 570 1000
E-mail:  rbraceras@goodwinlaw.com
             jbone@goodwinlaw.com

William M. Jay (pro hac vice)
GOODWIN PROCTER LLP
901 New York Avenue NW
Washington, DC  20001
Tel.: +1 202 346 4000
E-mail:  wjay@goodwinlaw.com

Dated: December 17, 2018

## CERTIFICATE OF SERVICE

      I, Roberto M. Braceras, hereby certify that on December 17, 2018, a true copy of the foregoing Response was served by CM/ECF and/or first class mail upon all other counsel of record in this action.

December 17, 2018                                         */s/ Roberto M. Braceras*
                                                                                            Roberto M. Braceras