# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAPPA ALPHA THETA FRATERNITY, INC.; KAPPA KAPPA GAMMA FRATERNITY; SIGMA CHI; SIGMA ALPHA EPSILON; SIGMA ALPHA EPSILON—MASSACHUSETTS GAMMA; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3, <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>HARVARD UNIVERSITY; PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), <br><br>　　　　　Defendants. | Civil Action No. 18-cv-12485 <br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE OF COURT TO PERMIT STUDENT PLAINTIFFS TO PROCEED UNDER PSEUDONYMS AND FOR A PROTECTIVE ORDER TO PROTECT THEIR IDENTITIES** <br><br>(Leave to File Granted 12/27/2018) |

Plaintiffs respectfully submit this Reply in support of their motion for leave for three of the plaintiffs to proceed under pseudonyms and otherwise to protect their identities.

　　1.　　In this action, Plaintiffs challenge Harvard's new student-conduct policy that punishes any Harvard undergraduate student who joins a sorority, a fraternity, a women's or men's final club, a single-sex singing club, or any other "unrecognized single-sex social organization" (the "Sanctions Policy"). Plaintiffs are two national sororities, two national fraternities, one fraternity chapter at Harvard, and three individual Harvard undergraduate students.

　　2.　　Simultaneously with filing the complaint in this action, Plaintiffs moved for leave to permit the three undergraduate student plaintiffs to proceed under pseudonyms.

　　3.　　In its Response, Harvard stated that it "does not object to that request at this time." Dkt. No. 13, at 1. Thus, *all parties agree* that at this juncture Plaintiffs' motion for leave

to permit John Doe 1, John Doe 2, and John Doe 3 to proceed under pseudonyms should be granted.

4. While Harvard reserves the right to object to the use of pseudonyms at some point in the future, *see id.* at 3-4, the Court need not reach the issue at this time, because as stated Harvard does not presently object to the student plaintiffs' use of pseudonyms.

5. In any event, Harvard's bald assertions that pseudonyms will become inappropriate at some future stage of this case are meritless. In resolving a motion for pseudonymity, courts "balance the need for confidentiality against the public interest in disclosure." *Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 420 (D. Mass. 1995). Here, Plaintiffs amply demonstrated in their memorandum of law and supporting declarations that the pseudonymous plaintiffs have a strong and credible fear of retaliation and harassment, while the public interest in knowing their identities is minimal. *See* Dkt. No. 7, at 5-6, 13-16. Harvard's claim that the students' fear of retaliation is "wild speculation," *see* Response, Dkt. No. 13, at 2, is both unsubstantiated and wrong. Harvard's conduct and statements throughout development of the Sanctions Policy, and recently since its adoption, would instill in any reasonable student a well-founded fear of retaliation for bringing suit. *See, e.g.*, Dkt. No. 7, at 2-6. Plaintiffs will respond fully if and when Harvard actually objects to the use of the pseudonyms and seeks to uncover its students' identities.

6. Because Harvard has committed not to seek to uncover the identities of John Doe 1, John Doe 2, and John Doe 3, Plaintiffs agree that the Court need not decide on the question of a protective order at this time. Plaintiffs will renew the request for a protective order to safeguard the student plaintiffs' pseudonymity at an appropriate time as the case proceeds.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave of Court to Permit Student Plaintiffs to Proceed Under Pseudonyms should be granted.

Dated:  December 27, 2018               Respectfully submitted,

**ARNOLD & PORTER
  KAYE SCHOLER LLP**

By:  */s/  R. Stanton Jones*
     R. Stanton Jones*
     John A. Freedman (BBO # 629778)
     Andrew T. Tutt*
     601 Massachusetts Ave., NW
     Washington, DC 20001
     (202) 942-5000
     stanton.jones@arnoldporter.com
     john.freedman@arnoldporter.com
     andrew.tutt@arnoldporter.com

     Sara L. Shudofsky*
     Ada Añon*
     250 West 55th Street
     New York, NY 10019
     (212) 836-8000
     sara.shudofsky@arnoldporter.com
     ada.anon@arnoldporter.com

     Alexa D. Jones*
     370 Seventeenth Street, Suite 4400
     Denver, CO 80202
     (303) 863-1000
     alexa.jones@arnoldporter.com

     *Counsel for Plaintiffs*

     **Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of electronic filing.

*/s/ R. Stanton Jones*
R. Stanton Jones*
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
stanton.jones@arnoldporter.com