United States District Court
District of Massachusetts

| | |
|---|---|
| KAPPA ALPHA THETA FRATERNITY, INC., KAPPA KAPPA GAMMA FRATERNITY, SIGMA CHI, SIGMA ALPHA EPSILON, SIGMA ALPHA EPSILON - MASSACHUSETTS GAMMA, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3, <br><br> Plaintiffs, <br><br> v. <br><br> HARVARD UNIVERSITY and PRESIDENT AND FELLOWS OF HARVARD COLLEGE, <br><br> Defendants. | Civil Action No. 18-12485-NMG |

ORDER

GORTON, J.

Because defendants do not object to the student plaintiffs' pending motion to proceed under pseudonyms, the Court will allow those plaintiffs to do so for the time being. Consequently, there is no present need for a protective order and thus plaintiffs' motion to impose one will be denied.

As a forewarning, however, the Court advises counsel that if this case proceeds beyond the motion to dismiss stage, the student plaintiffs will not be permitted to proceed anonymously. There is a presumption in favor of disclosure in judicial proceedings and a party will be permitted to proceed pseudonymously only in the most exceptional cases. MacInnis v.

Cigna Grp. Ins. Co. of Am., 379 F. Supp. 2d 89, 90 (D. Mass. 2005); Doe v. Bell Atl. Bus. Sys. Servs., Inc., 162 F.R.D. 418, 420, 422 (D. Mass. 1995) (explaining that cases involving "abortion, mental illness, personal safety, homosexuality, transsexuality and illegitimate or abandoned children in welfare cases" are the kinds of cases traditionally recognized as involving compelling privacy interests).

The Court, in the exercise of its discretion in such matters, finds that the student plaintiffs have not demonstrated that their claims implicate "such a compelling need for privacy as to outweigh the rights of the defendants and the public to open proceedings". Bell Atl., 162 F.R.D. at 418, 420, 422. If plaintiffs have legitimate privacy concerns with respect to particular matters at issue in this case, the Court will consider motions to seal on a document-by-document basis.

Plaintiffs' motion to permit the student plaintiffs to proceed under pseudonyms (Docket No. 6) is, subject to the above caveat, **ALLOWED**. Plaintiffs' motion for a protective order (Docket No. 6) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated January 18, 2019