## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KAPPA ALPHA THETA FRATERNITY, INC.; KAPPA KAPPA GAMMA FRATERNITY; SIGMA CHI; SIGMA ALPHA EPSILON; SIGMA ALPHA EPSILON—MASSACHUSETTS GAMMA; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3, | : : : : : : : : | |
|  | : | Civil Action No. 18-cv-12485 |
| Plaintiffs, | : : | |
| v. | : : | |
| HARVARD UNIVERSITY; PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), | : : : | |
| Defendants. | : : : | |

## STIPULATED PROTECTIVE ORDER
## REGARDING DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiffs Sigma Chi, Sigma Alpha Epsilon, Sigma Alpha Epsilon–Massachusetts

Gamma, and John Doe 1 and John Doe 2 ("Plaintiffs"), and Defendant President and Fellows of

Harvard College ("Harvard," and together with Plaintiffs, the "Parties" or each individually a

"Party") anticipate that documents, testimony, or information containing or reflecting

confidential, personal, proprietary, trade secret, and/or commercially sensitive information may

be disclosed or produced during the course of discovery in this case and request that the Court

enter this proposed Stipulated Protective Order Regarding Disclosure and Use of Discovery

Materials ("Order" or "Protective Order") setting forth the conditions for treating, obtaining, and

using such information.

1. <u>DEFINITIONS</u>

(a)     "Action" or "Litigation" means the civil action captioned *Kappa Alpha Theta v. Harvard University*, No. 1:18-cv-12485-NMG (D. Mass.).

(b)     "Discovery Material" means all items or information regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated by a Producing Party in connection with discovery in this Action pursuant to the Federal Rules of Civil Procedure, a court order, or any other agreement or stipulation by or among the Parties.

(c)     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this Action.

(d)     "Protected Material" means any Discovery Material designated as "CONFIDENTIAL," "CONFIDENTIAL—EXPECTATION OF PRIVACY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as provided for in this Order.

(e)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(f)     "Termination Date" means the later of (1) the date on which all claims of any Party are dismissed with or without prejudice, or (2) the date on which all appeals, reconsiderations, or remands have been exhausted following the entry of a final judgment by this Court.

2. <u>PURPOSES AND LIMITATIONS</u>

(a)     Unless otherwise agreed by the Parties, Protected Material shall be used by a Receiving Party for the sole purpose of litigating this Action, and shall not be used or disclosed, directly or indirectly, for any other purpose whatsoever. A Receiving Party shall not attempt to

- 2 -

identify or learn or verify the name, Social Security number, date of birth, street address, email address, telephone number, or other contact information of any Harvard students, or their family members from any Protected Material unless the Receiving Party demonstrates that it requires this information to support its claims or defenses.  The Receiving Party may not use Protected Material in connection with contacting any Harvard students, alumni, or employees (including present and past faculty, staff, and members of the Harvard Corporation) unless the Receiving Party demonstrates that it must do so to support its claims or defenses. In the event a Receiving Party asserts it must (a) identify or learn or verify the name, date of birth, street address, email address, telephone number, or other contact information of any Harvard students, alumni, or employees (including present and past faculty, staff, and members of the Harvard Corporation), or their family members from any Protected Material in order to support its claims or defenses, or (b) use Protected Material to contact any Harvard students, alumni, or employees (including present and past faculty, staff, and members of the Harvard Corporation) in order to support its claims or defenses, the Parties shall confer in good faith ten (10) days after the Receiving Party notifies the Producing Party that it requires this information. If the Parties are unable to reach an agreement, the Receiving Party may make an appropriate application to the Court. During the pendency of any such application, the Receiving Party shall not (i) attempt to identify or learn or verify the name, date of birth, street address, email address, telephone number, or other contact information of any Harvard students, alumni, or employees (including present and past faculty, staff, and members of the Harvard Corporation) from any Protected Material, or (ii) use information learned from any Protected Material to contact any Harvard students, alumni, or employees (including present and past faculty, staff, and members of the Harvard Corporation). Nothing in this Order prevents any Party from contacting or being contacted by Harvard

- 3 -

students, alumni, or employees (including present and past faculty, staff, and members of the

Harvard Corporation) using means other than Protected Material.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all

disclosures during discovery, or in the course of making initial or supplemental disclosures under

Rule 26(a). Designations under this Order shall be made with care and shall not be made absent a

good faith belief that the designated material satisfies the criteria set forth herein. If it comes to a

Producing Party's attention that designated material does not qualify for protection at all, or does

not qualify for the level of protection initially asserted, the Producing Party must promptly notify

all other Parties that it is withdrawing or changing the designation.

3.  SCOPE

(a)     The protections conferred by this Order cover not only Protected Material (as

defined above), but also any information copied or extracted therefrom, as well as all copies,

excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

the Parties or their counsel made in Court or in other settings that might reveal Protected

Material.

(b)     Nothing in this Order shall prevent or restrict a Producing Party's own disclosure

or use of its own Discovery Material for any purpose.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any

Protected Material in Court or in any Court filing, provided that the Party complies with this

Order and, as appropriate, with any applicable rules regarding the filing under seal and use of

material designated for protection. A Producing Party may consent in writing to the public filing

and/or use of its Protected Materials by another Party.

STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE AND USE OF DISCOVERY MATERIALS
No. 18-cv-12485

(d)      Nothing herein shall be deemed a waiver of a Party's right to object to the production of any document, communication, or other Discovery Material (including, without limitation, on the basis of relevance, burden, expense, privilege, or other evidentiary immunity).

(e)      This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all or an order that certain Protected Materials do not qualify for protection or the level of protection designated.

4.   DURATION

Even after the Termination Date, and unless otherwise indicated in this Order, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or an order from this Court otherwise directs.

5.   ACCESS TO AND USE OF PROTECTED MATERIAL

(a)      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this Action only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained by a Receiving Party in a secure manner and at a location that ensures that access is limited to the persons authorized under this Order.

(b)      Legal Advice Based on Protected Material. Nothing in this Protective Order shall be construed to prevent counsel for a Receiving Party from advising their clients with respect to this Action based in whole or in part upon Protected Materials, provided that counsel does not disclose the Protected Materials themselves, the content of those Protected Materials, or the fact of those particular Protected Materials' existence except as provided in this Order.

(c) <u>Limitations</u>. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that has been lawfully acquired and is known to the Receiving Party independent of the Producing Party; (iii) that has been previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) consented to by the Producing Party; or (v) ordered by the Court.

6.  <u>DESIGNATING PROTECTED MATERIALS</u>

(a) <u>Available Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL—EXPECTATION OF PRIVACY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

(b) <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents (including electronically stored information ("ESI"), as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations in paragraph 6(a) may be so designated by affixing the legend "CONFIDENTIAL," "CONFIDENTIAL—EXPECTATION OF PRIVACY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as appropriate, to each page of the written material that contains Protected Material at the time that such documents are produced or such information is disclosed, or as soon thereafter as the Producing Party notifies the Receiving Party of the confidential nature of the information or material disclosed. For digital files being produced, the Producing Party may mark each viewable page or image that contains Protected Material with the legend "CONFIDENTIAL," "CONFIDENTIAL—EXPECTATION OF

PRIVACY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as appropriate, and mark the medium, container, and/or communication in which the digital files were contained with the appropriate designation.

(c)     <u>Materials Made Available for Inspection</u>. A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate designation to each page of a document that contains Protected Material.

(d)     <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony are designated within twenty-one (21) days of receipt of the final transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" until the time for designating the final transcripts as described above has passed, unless the Parties agree in writing or on the record or the Court orders otherwise. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all

- 7 -

copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties or order of the Court." Counsel for any Producing Party shall have the right to exclude from oral depositions any person, other than the deponent, deponent's counsel, counsel for the Parties, the stenographer and/or videographer (if any), who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be limited to the specific periods of examination or testimony that pertain or relate to such Protected Material.

     (e)     <u>Discovery Material Designated as "CONFIDENTIAL."</u>

A Producing Party may designate Discovery Material as "CONFIDENTIAL" if the Producing Party believes reasonably and in good faith that such Discovery Material contains or reflects information that the Party, in the ordinary course of business, does not or would not publicly disclose because it reflects (1) trade secrets or other confidential research or development information, (2) information protected from disclosure by any federal, state or local law or regulation, (3) information that a Party is under a superseding obligation to maintain as confidential, or (4) any other category of information that this Court affords confidential status.

Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any material designated "CONFIDENTIAL" only to:

     (1)     The Receiving Party's outside counsel of record in this action, as well as partners, associates, and other employees of any such counsel's law firm (including without

limitation paralegals and support staff) to whom it is reasonably necessary to disclose the information for this litigation;

(2)     Officers, directors, employees (including in-house Counsel), or members of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(3)     Any testifying expert (hereinafter "Testifying Expert") or non-testifying expert (hereinafter "Consulting Expert") retained by the Receiving Party to assist in this action (including such of the expert's assistants or support staff as are reasonably necessary to facilitate the expert's work), provided that (A) disclosure is only to the extent reasonably necessary to perform such work; and (B) such Testifying Expert or Consulting Expert (and any reasonably necessary assistants or support staff) has agreed to be bound by the provisions of this Protective Order by signing a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A). Any "Agreement to Be Bound by Protective Order" signed by a Party's Consulting Expert does not need to be disclosed or circulated to other Parties until the Termination Date. Any "Agreement to Be Bound by Protective Order" signed by a Party's Testifying Expert does not need to be disclosed or circulated to other Parties until disclosure of that Testifying Expert is required pursuant to the Federal Rules of Civil Procedure;

(4)     The Court, jury, and court personnel, pursuant to paragraph 10 and any applicable rules regarding the filing and/or use of materials designated for protection;

(5)     Court reporters, stenographers and videographers retained to record testimony taken in this action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(6)     Document processing and hosting vendors, and graphics, translation, design, and/or trial consulting services to whom disclosure is reasonably necessary for this

litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(7)     Any other person with the prior written consent of the Producing Party or by order of the Court.

(f)     Discovery Material Designated as "CONFIDENTIAL—EXPECTATION OF PRIVACY."

A Producing Party may designate Discovery Material as "CONFIDENTIAL—EXPECTATION OF PRIVACY" if the Producing Party believes reasonably and in good faith that such Discovery Material contains or reflects non-public communications involving Harvard students, alumni, or employees (including present and past faculty, staff, and members of the Harvard Corporation) that were made under circumstances in which the Producing Party believes there was an expectation of privacy.

Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any material designated "CONFIDENTIAL—EXPECTATION OF PRIVACY" only to the persons or individuals listed in Section (6)(e)(1)-(7) of this Order.

(1)     Procedure for Challenging "CONFIDENTIAL—EXPECTATION OF PRIVACY" Designations.  If a Receiving Party disagrees with the Producing Party's designation of certain Discovery Material as "CONFIDENTIAL—EXPECTATION OF PRIVACY" and believes it is reasonably necessary to use such Discovery Materials in the litigation without the restrictions imposed by the designation, the Receiving Party shall notify the Producing Party and, if the parties cannot reach agreement at a meet-and-confer, the Producing Party shall bear the burden to seek relief from the Court to preserve the designation.  If the Producing Party files a motion to preserve the confidential treatment of the designated Discovery Material within 14

- 10 -

days of a meet-and confer, then the designation shall remain in effect until the Court decides the motion.  If the Producing Party does not file such a motion within 14 days of the meet-and-confer, then the designation shall be lifted automatically without further action by the Court or any Party.

      (g)   <u>Discovery Material Designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."</u>

      (1)   A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" if it contains or reflects sensitive personal information or information that is trade secret and/or commercially sensitive and that must be protected from disclosure. Examples of such information or material include trade secrets and other proprietary information; confidential business information and practices; financial information; sensitive personal information; and material that a Party is under a pre-existing obligation to a non-party to treat as personal or confidential.  Plaintiffs may also mark, for Attorneys' Eyes Only, the personally identifiable information of any current Harvard student members of the Plaintiff organizations.

      (2)   All Protected Materials designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be produced electronically or in hard copy, in a manner agreed to by the Parties or ordered by the Court. To the extent any such materials are produced electronically, the production media shall be encrypted with a passcode of at least 10 characters. Any electronic copies of materials designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" maintained by a Receiving Party or its Counsel for archival, review, or use in prosecuting this action, shall also be maintained in an encrypted environment.

- 11 -

(3)      Except as expressly provided in this Order, absent express written permission from the Producing Party, the Receiving Party shall minimize the creation of copies, duplicates, or images (whether electronic or in hard copy) of Discovery Materials designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Wherever possible, such materials shall be referenced in correspondence between the Parties, in pleadings, or in Court filings by production Bates number, and images or copies of such materials shall not be included. To the extent that a Receiving Party reasonably needs to create copies, duplicates or images of such materials, the copies, duplicates, or images must be labeled "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY" as provided for in this Order.

(4)      Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any material designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

(i)      The Receiving Party's outside counsel of record in this action, as well as partners, associates, and other employees of any such counsel (including without limitation paralegals and support staff) to whom it is reasonably necessary to disclose the information for this litigation;

(ii)      Receiving Party's in-house counsel, as well as employees of said in-house counsel to whom it is reasonably necessary to disclose the information for this litigation;

(iii)      Any Testifying Expert or Consulting Expert retained by the Receiving Party to assist in this action (including such of the expert's assistants or support staff as are reasonably necessary to facilitate the expert's work), provided that (A) disclosure is only to the extent reasonably necessary to perform such work; and (B) such Testifying Expert or

- 12 -

Consulting Expert (and any reasonably necessary assistants or support staff) has agreed to be bound by the provisions of this Protective Order by signing a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A). Any "Agreement to Be Bound by Protective Order" signed by a Party's Consulting Expert does not need to be disclosed or circulated to other Parties until the Termination Date. Any "Agreement to Be Bound by Protective Order" signed by a Party's Testifying Expert does not need to be disclosed or circulated to other Parties until disclosure of that Testifying Expert is required pursuant to the Federal Rules of Civil Procedure;

(iv)     The Court, jury, and court personnel, subject to paragraph 10 and any applicable rules regarding the filing and/or use of materials designated for protection;

(v)     Court reporters, stenographers and videographers retained to record testimony taken in this action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(vi)     Document processing and hosting vendors, and graphics, design, and/or trial consulting services to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(vii)     Any other person with the prior written consent of the Producing Party or by order of the Court.

(5)     If only some of the information in a document warrants designation as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," but the remainder of the document does not warrant that designation (for example, because a portion of a document contains sensitive personally identifying information), the Producing Party shall produce two versions of the document.  One version of the document will be marked "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in its entirety, and will be subject to all of

- 13 -

the storage and dissemination restrictions provided in this section.  A second version of the same document shall also be produced that redacts the material eligible for the "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation.  The redaction shall be marked "REDACTED—ATTORNEYS' EYES ONLY," and the producing party shall provide the Bates number for the corresponding Attorneys' Eyes Only document.

    7.   <u>CHALLENGING "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL — ATTORNEY'S EYES ONLY" DESIGNATIONS</u>

    (a)   <u>Method of Challenge</u>. Any Party that objects to a Producing Party's designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" must do so in good faith and must begin the process by providing a written notice stating with particularity the grounds of the objection to the Producing Party. The Producing Party shall notify the challenging party in writing of the bases for the asserted designation within twenty-one (21) days of receiving a written objection. The Parties shall confer in good faith as to the validity of the designation within seven (7) days after the challenging party has received the Producing Party's bases for the asserted designation. If the Parties are unable to reach an agreement as to the challenged designation, the challenging party may make an appropriate application to the Court at any time before the trial of this Action. Until a challenge to an asserted designation is finally resolved by the Parties or the Court, all Parties and persons shall treat the information or materials in question according to the original designation.

    8.   <u>USE AT DEPOSITIONS</u>

    Any deponent may be shown or examined on any information, document or thing, irrespective of designation, if it appears that the witness authored or received a copy of it, or is employed by the Party who produced the information, document or thing, or if the Producing

Party consents in writing to such disclosure. The disclosure of Protected Material to any such witness may be made for the sole purpose of litigating this Action.  Prior to the disclosure of such Protected Material to any such witness, counsel for the Party making the disclosure shall deliver a copy of this Order to such person, shall explain that such person is bound by the terms of such Order, and shall secure the signature of such person on a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

For depositions, the Receiving Party shall not prepare more copies of materials designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" than are reasonably necessary for the deponent, his or her counsel, counsel for the Parties, and counsel of record expected to be in attendance. At the conclusion of the deposition, one (1) paper copy of any such document marked as a deposition exhibit may be retained by the Party who noticed the deposition as part of the official deposition record. All other copies of such documents brought to the deposition shall be collected and returned to the Producing Party or securely destroyed in a timely manner following the deposition.

## 9. OUTSIDE COUNSEL AND EXPERTS

Any Outside Counsel or Expert who has been afforded access to information or items from a Producing Party which has been designated "CONFIDENTIAL," "CONFIDENTIAL—EXPECTATION OF PRIVACY," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall not disclose, use or apply such information or items for any purpose other than for work or services performed in the scope of this Action.

## 10. USE IN THIS ACTION

The status and designation of information or material as "CONFIDENTIAL," "CONFIDENTIAL—EXPECTATION OF PRIVACY," or "HIGHLY CONFIDENTIAL—

ATTORNEYS' EYES ONLY" shall not be lost or impaired by use of such information or material in this Action or any appeal therefrom. Whenever any Protected Material must be filed with the Court, Parties shall file and/or lodge those papers in a manner that is consistent with the Federal Rules of Civil Procedure, Local Rule 7.2 of the United States District Court for the District of Massachusetts, the Federal Rules of Appellate Procedure, the First Circuit Local Rules, or the First Circuit Internal Operating Procedures, as applicable.

11. NON-PARTIES

A copy of this Protective Order shall be furnished to each non-party required to produce documents or who otherwise formally discloses information in response to discovery requests during this litigation. Such non-parties may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Protective Order.

12. PROTECTED MATERIAL SUBPOENAED

If a Receiving Party is served with a subpoena or an order issued in another action that seeks disclosure of any information or items designated in this action as "CONFIDENTIAL," "CONFIDENTIAL—EXPECTATION OF PRIVACY," or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY," the Receiving Party must notify the Producing Party of that request in writing promptly and in no event more than seven (7) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert interested parties to the existence of this Protective Order and to afford the Producing Party in this Action an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burden of seeking protection in that court of its confidential material.

13. FILING PROTECTED MATERIAL

Except as otherwise provided in this Order or otherwise ordered by the Court, any Party wishing to file any Protected Material must either (1) obtain written permission from the Producing Party to file such material in the public record, or (2) move the Court for leave to file the Protected Material under seal pursuant to Local Rule 7.2. Unless and until the Court has ruled on such a motion, a Receiving Party may not file any Protected Material in the public record. Nothing herein shall preclude any Party from filing a redacted version of such a pleading, brief, exhibit or other document in the public record that omits the Protected Material.

14. REDACTIONS

Pursuant to and consistent with the Federal Rules of Civil Procedure, any Producing Party may redact information from the documents and things produced that the Producing Party reasonably and in good faith believes is subject to the attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity. The Producing Party shall denote any such redactions with a legend stating "REDACTED," as appropriate, or a comparable notice, and shall preserve an unredacted version of each such document. To the extent a dispute arises regarding the Producing Party's redactions, the Parties will meet and confer and, if unable to reach an agreement, the Receiving Party may challenge the redaction(s) consistent with the Federal Rules of Civil Procedure.

15. REDACTIONS ON THE BASIS OF "SUBSTANTIAL NEED"

Pursuant to and consistent with the Federal Rules of Civil Procedure, any Producing Party may redact information from the documents and things produced on the basis of "substantial need" if the Producing Party reasonably and in good faith believes that (1) the redacted information is not conceivably relevant to any claim or defense in this action and (2) there is a substantial need to redact the information.  If a Party redacts a document on the basis of substantial need, the Party must provide a written explanation stating with particularity the grounds for the redaction.  The Producing Party shall denote any such redactions with a legend stating "REDACTED—SUBSTANTIAL NEED," as appropriate, or a comparable notice, and shall preserve an unredacted version of each such document. To the extent a dispute arises regarding the Producing Party's redactions, the Parties will meet and confer and, if unable to reach an agreement, the Receiving Party may challenge the redaction(s) consistent with the Federal Rules of Civil Procedure.

16. INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS

(a)      Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), the attorney-client privilege, work product protection, or any other privilege or protection shall not be waived, in this Action or in any other proceeding, by inadvertent disclosure. More specifically, if any privileged or protected documents, records, and/or data are inadvertently disclosed to another party, such documents will not lose the privilege and/or protection attached thereto because the documents were inadvertently disclosed, nor may any such documents, once identified, be used for any purpose (including, without limitation, during a deposition). After being notified of an inadvertent disclosure pursuant to Rule 26(b)(5)(B), and if

a Party does not dispute the protected nature of the document(s), all copies of such document(s) shall be returned to the Producing Party or be destroyed within five (5) days of the notice.

(b)      If a dispute arises concerning the protected nature of the document(s) that the Producing Party claims were inadvertently disclosed pursuant to Rule 26(b)(5)(B) and paragraph 15(a), the Parties shall meet and confer within 14 days from the date the dispute arises in good faith in an effort to resolve the dispute. If the Parties are unable to resolve the dispute, within 14 days following the meet and confer the Producing Party may file a motion seeking a protective order protecting the document(s) at issue from being further disclosed and requiring that the document(s) be returned to the Producing Party. In the event of such a motion for protective order, the Producing Party shall have the burden to demonstrate the claimed privilege, work product immunity, or other immunity. The material that the Producing Party contends was inadvertently disclosed shall be treated as covered by the claimed privilege, work product immunity, or other immunity during the pendency of these discussions and any ensuing motion practice. The Receiving Party will not use or refer to any information contained within the document(s) at issue, including in deposition or at trial or in any Court filing, unless and until such a motion for protective order is denied by the Court.

17. INADVERTENT FAILURE TO DESIGNATE APPROPRIATELY

(a)      The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order upon learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with a copy bearing the correct confidentiality designation, consistent with the terms of this Order,

within seven (7) days of notifying the Receiving Parties. Upon receiving the Protected Material

with the correct confidentiality designation, the Receiving Parties shall destroy all copies of any

Discovery Materials bearing the previous designation.

(b)     A Receiving Party shall not be in breach of this Order for any use of such

Discovery Material before the Receiving Party receives the notice described in paragraph 17(a).

Once a Producing Party gives the notice described in paragraph 17(a), the Receiving Party shall

treat such Discovery Material at the new designated level pursuant to the terms of this Order.

## 18. INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any

person or persons not authorized to receive such disclosure under this Order, the Party responsible

for having made such disclosure, and each Party with knowledge thereof, shall immediately notify

counsel for the Producing Party whose Discovery Material has been disclosed and provide to such

counsel all known relevant information concerning the nature and circumstances of the disclosure.

The responsible disclosing Party shall also promptly take all reasonable measures to retrieve, or

confirm the destruction of, all copies of documents that it distributed or disclosed to persons not

authorized to access such information, and to ensure that no further or greater unauthorized

disclosure and/or use of the improperly disclosed Discovery Material is made.

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery

Material or waive the right to hold the disclosed document or information as Protected Material.

## 19. EXPERT MATERIALS

(a)     All matters concerning expert discovery shall be governed by the Federal Rules of

Civil Procedure and the applicable local rules and standing order(s), to the extent not inconsistent

with this Order.

(b)     The following categories of documents and information need not be disclosed, are outside the scope of permissible discovery (including deposition questions), and are deemed to be attorney work product and confidential:

(1)     A Consulting Expert's communications, documents, or electronic information made or prepared in connection with this Action including, but not limited to, communications sent to or received by counsel for the Party retaining the Consulting Expert(s);

(2)     A Testifying Expert's (i) drafts of expert reports, declarations, affidavits, opinions, written testimony, or work papers prepared in connection with this action or any other action; (ii) preliminary or intermediate calculations, computations, modeling, or data runs prepared in connection with this action or any other action; or (iii) other preliminary expert opinions or draft materials;

(3)     Notes or summaries of a Testifying Expert, or persons working at the direction of a Testifying Expert, prepared in connection with this Action or any other action;

(4)     Any comments, whether oral or written, related to an expert report or affidavit of a Testifying Expert prepared in connection with this Action by (i) counsel for a Party retaining the Testifying Expert, (ii) a Consulting Expert, (iii) or any person working at the Testifying Expert's direction; and

(5)     Any communications, whether oral or written, between a Testifying Expert and (i) counsel for a Party retaining the Testifying Expert, (ii) a Consulting Expert, or (iii) any person working at the Testifying Expert's direction, including any information and things included in or attached to such communications, except to the extent they are directly relied upon by the expert in his or her expert report, declaration, affidavit, or testimony.

(c)     The Parties will make all disclosures required by Rule 26(a)(2)(B).

(d)      Nothing herein shall limit or waive any Party's rights to object for any reason to the admissibility of any opposing Party's expert submission into evidence or to the qualifications of any person to serve as an expert witness.

20. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within forty-five (45) days after the Termination Date each Receiving Party must either destroy or return to the Producing Party all Protected Material and all copies, abstracts, compilations, summaries or any other form of reproducing or capturing of any Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 45-day deadline established herein that confirms all the Protected Material in its possession was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any Protected Material. This provision applies to all Protected Material filed with the Court, including in pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product containing Protected Material.

21. MISCELLANEOUS

(a)      Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification, or relief from this Order, from the Court in the future.

(b)      Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the final termination of the above-captioned matter. The Court shall retain jurisdiction after final termination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)      Successors. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)      Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding. Stipulating to entry of this Protective Order shall not prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any confidential information, nor prevent the Parties from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

(e)      Modification by Court. The United States District Court for the District of Massachusetts is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the District of Massachusetts.

(f)      Bound by Order. All persons who have access to information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" under this Protective Order acknowledge that they are bound by this Order, and that they submit to the jurisdiction of this Court for purposes of enforcing this Order.

(g)     <u>Discovery Rules Remain Unchanged</u>. Except as expressly provided herein, nothing in this Order shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts, or the Court's own orders entered in this Action. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the District of Massachusetts, or the Court's own orders entered in this Action.

(h)     <u>Product of Compromise.</u>  This Protective Order is the product of a negotiated compromise between the Parties.  To reach agreement on the terms of this Protective Order, the Parties have also agreed that Harvard will support a renewed motion by the Plaintiffs to permit the John Doe Plaintiffs to maintain this suit anonymously.  The Parties also agree, however, that (1) Harvard will be able to receive personally identifiable information for the John Doe plaintiffs provided it is afforded "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" treatment (i.e., the information will not be shielded from Harvard's attorneys but will be shielded from others); and (2) Harvard reserves the right to request de-anonymization later in the litigation.  While the John Does' identities shall remain anonymous to others (and to Harvard generally), Harvard's attorneys will be able, without impediment, to conduct discovery (including depositions) of the John Does.  The Parties agree that discovery involving members of the Plaintiff organizations will be conducted in a manner similar to discovery involving the John Does.  Harvard will be able to receive information disclosing the identities of the current Harvard student members of the Plaintiff organizations provided that Plaintiff organizations may designate such information for "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"

- 24 -

treatment, and Harvard's attorneys will be able to conduct discovery (including depositions)

involving individual current Harvard student members the Plaintiff organizations.

EXHIBIT A
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full

name], of _____ [print or type full company

name or address], declare under penalty of perjury that I have read in its entirety and understand

the Stipulated Protective Order that was issued by the United States District Court for the District

of Massachusetts on _____ [print date

issued] in the case of *Kappa Alpha Theta Fraternity, Inc., et al. v. Harvard University, et al.*,

Case No. 18-cv-12485. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Massachusetts for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

* * *

IT IS SO STIPULATED, THROUGH THE UNDERSIGNED COUNSEL FOR THE PARTIES.

Dated:  March 5, 2020

Respectfully submitted,

/s/ R. Stanton Jones
R. Stanton Jones (*pro hac vice*)
John A. Freedman (BBO # 629778)
Andrew T. Tutt (*pro hac vice*)
Jayce Born  (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
stanton.jones@arnoldporter.com
john.freedman@arnoldporter.com
andrew.tutt@arnoldporter.com
jayce.born@arnoldporter.com


Sara L. Shudofsky (*pro hac vice*)
Ada Añon (*pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-8000
sara.shudofsky@arnoldporter.com
ada.anon@arnoldporter.com


*Counsel for Plaintiffs*

/s/ Roberto M. Braceras
Roberto M. Braceras (BBO# 566816)
Joshua J. Bone (BBO# 687722)
Edwina B. Clarke (BBO# 699702)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: +1 617 570 1000
Fax.: +1 617 523 1231
Email: rbraceras@goodwinlaw.com
jbone@goodwinlaw.com
eclarke@goodwinlaw.com


William M. Jay (*pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
Tel.: +1 202 346 4000
Fax.: +1 202 346 4444
E-mail: wjay@goodwinlaw.com

*Counsel for Defendant President and
Fellows of Harvard College*

- 27 -

Pursuant to Rule 29 of the Federal Rules of Civil Procedure, the Court has considered the above agreed-to Protective Order submitted by the Parties, and finding good cause, it is **ORDERED** that the Protective Order, and all terms encompassed therein, shall govern the handling and use of any Discovery Material (as defined above) produced or disclosed in this action, including any actions that may be consolidated therewith.

BY THE COURT:

Date: _____

Nathaniel M. Gorton, U.S.D.J.

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2020, I filed a true and correct copy of the foregoing

**STIPULATED PROTECTIVE ORDER** using the Court's CM/ECF system, which will send

notification of such filing to all registered counsel.

/s/ R. Stanton Jones
R. Stanton Jones
601 Massachusetts Ave. NW
Washington, DC 20001
(202) 942-5000
stanton.jones@arnoldporter.com

*Counsel for Plaintiffs*