IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KAPPA ALPHA THETA FRATERNITY, INC.; KAPPA KAPPA GAMMA FRATERNITY; SIGMA CHI; SIGMA ALPHA EPSILON; SIGMA ALPHA EPSILON—MASSACHUSETTS GAMMA; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3,

    Plaintiffs,

v.

HARVARD UNIVERSITY; PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION),

    Defendant.

Civil Action No. 18-cv-12485

## CONSENT MOTION TO PERMIT STUDENT PLAINTIFFS TO PROCEED UNDER PSEUDONYMS

Pursuant to Federal Rules of Civil Procedure 5.2(e) and 7, and Local Rules 7.1 and 83.6.11, Plaintiffs John Doe 1 and John Doe 2 respectfully request leave to maintain this action under pseudonyms, based on new facts identified since this Court's January 18, 2019 Order. Dkt. 25. Defendant President and Fellows of Harvard College consents to this motion.[1] For the reasons detailed below, the Parties agree there is good cause to grant the motion.

1. Two weeks after Plaintiffs filed this action, on December 17, 2018, Plaintiffs moved for the Court to permit the student plaintiffs—John Doe 1, John Doe 2, and John Doe 3—to proceed

---

[1] The Complaint identifies the defendants as "Harvard University" and "President and Fellows of Harvard College (Harvard Corporation)." Although the caption on Plaintiffs' filings will follow the caption on the Court's docket, there is in fact no legal entity known as Harvard University; President and Fellows of Harvard College is the sole legal entity comprising the University.

*Motion allowed. /s/ NMGorton, USDJ 4/27/20*

under pseudonyms and to enter a protective order to protect their identities. Dkt. 6. In its response to the motion, Defendant did not oppose temporary anonymity but opposed the entry of a protective order. Dkt. 13. This Court granted the motion in part, stating as follows:

> Because defendants do not object to the student plaintiffs' pending motion to proceed under pseudonyms, the Court will allow those plaintiffs to do so for the time being....

Dkt. 25 at 1. The Court explained, however, that "if this case proceeds beyond the motion to dismiss stage, the student plaintiffs will not be permitted to proceed anonymously. There is a presumption in favor of disclosure in judicial proceedings and a party will be permitted to proceed pseudonymously only in the most exceptional cases." *Id.* The Court further held that the student plaintiffs had not, at that time, "demonstrated that their claims implicate such a compelling need for privacy as to outweigh the rights of the defendants and the public to open proceedings." *Id.* at 2.

2. On August 9, 2019, the Court granted Defendant's Motion to Dismiss this action as to John Doe 3 because he is not formally subject to Defendant's student conduct policy, but denied Defendant's Motion to Dismiss as to John Does 1 and 2 who are subject to the policy. Dkt. 39. The parties promptly entered into negotiations over a Stipulated Protective Order, which this Court entered on March 18, 2020. Dkt. 51.

3. John Doe 1 and John Doe 2 believe they have significant concerns about their privacy and about the possibility of harm should their identities become public. Indeed, each declared at the outset of this case that he would not continue in this action if he were required to disclose his identity. *See* Dkt. 6-1 (Declaration of John Doe 1); Dkt. 6-2 (Declaration of John Doe 2). And— as long as the student conduct policy applies to them—that remains true. The John Does are also worried about the unwanted, possibly prolonged, media attention each might receive for

2

maintaining this high-profile Title IX lawsuit against Harvard University, one of the most prominent universities in the country. *See* Dkt. 6-1 at 3-4; Dkt. 6-2 at 2-3.

4. Since the Court denied the earlier motion for anonymity, crucial new facts have come to counsel's attention that demonstrate John Does 1 and 2 have a compelling need for privacy, and warrant granting this renewed motion. Specifically, counsel for the John Does have learned facts that they believe raise questions as to whether the John Does are in violation of the Policy and what the ramifications may be. Harvard, though currently unaware of whether the John Does are, in fact, in violation of the Policy, is sensitive to these concerns.

5. In negotiating the Stipulated Protective Order, the parties acknowledged the significant concern for ensuring student privacy, including but not limited to that of the John Does, and agreed to provisions that allow such privacy to be protected without unduly impairing reasonable discovery. One of those provisions states that Harvard will support the instant motion, subject to its right to seek to de-anonymize the names later in the litigation. In order words, in light of Defendant's recognition of the need to protect the privacy of all of its students, and in light of Plaintiffs' special concern for the privacy of the student plaintiffs, and as part of a global compromise, the Parties agreed that good cause exists to permit John Doe 1 and John Doe 2 to maintain this suit under pseudonyms.

6. For the reasons explained above, because Defendant supports this motion, and because denying this motion would conflict with a key provision in the Stipulated Protective Order (Dkt. 51 at 24-25), Plaintiffs respectfully request that the Court grant the renewed motion.

Dated: April 17, 2020                                Respectfully submitted,

                                            **ARNOLD & PORTER**
                                            **KAYE SCHOLER LLP**

                              By:  */s/ R. Stanton Jones*
                                   R. Stanton Jones (*pro hac vice*)
                                   John A. Freedman (BBO # 629778)
                                   Andrew T. Tutt (*pro hac vice*)
                                   Jayce Born (*pro hac vice*)
                                   601 Massachusetts Ave., NW
                                   Washington, DC 20001
                                   (202) 942-5000
                                   stanton.jones@arnoldporter.com
                                   john.freedman@arnoldporter.com
                                   andrew.tutt@arnoldporter.com

                                   Sara L. Shudofsky (*pro hac vice*)
                                   Ada Añon (*pro hac vice*)
                                   250 West 55th Street
                                   New York, NY 10019
                                   (212) 836-8000
                                   sara.shudofsky@arnoldporter.com
                                   ada.anon@arnoldporter.com

                                   *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of electronic filing.

/s/ R. Stanton Jones
R. Stanton Jones
601 Massachusetts Ave., NW
Washington, DC 20001
(202) 942-5000
stanton.jones@arnoldporter.com