UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KAPPA ALPHA THETA FRATERNITY, INC.; KAPPA KAPPA GAMMA FRATERNITY; SIGMA CHI; SIGMA ALPHA EPSILON; SIGMA ALPHA EPSILON--MASSACHUSETTS GAMMA; JOHN DOE 1; JOHN DOE 2; JOHN DOE 3, | : | |
| Plaintiffs, | : | Civil Action No. 18-cv-12485-NMG |
| v. | : | |
| HARVARD UNIVERSITY; PRESIDENT AND FELLOWS OF HARVARD COLLEGE (HARVARD CORPORATION), | : | |
| Defendants. | : | |

**DEFENDANT PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AS MOOT**

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................1

PROCEDURAL BACKGROUND..............................................................................................1

ARGUMENT...............................................................................................................................2

I.      THE POLICY'S RESCISSION MOOTS PLAINTIFFS' CLAIMS FOR RELIEF............2

II.     THE CHALLENGED CONDUCT WILL NOT RECUR. ..................................................5

CONCLUSION............................................................................................................................9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ACLU of Mass. v. U.S. Conference of Catholic Bishops*,
    705 F.3d 44 (1st Cir. 2013) .......................................................................................8

*Adams v. Bowater Inc.*,
    313 F.3d 611 (1st Cir. 2002) ..............................................................................5, 6, 7, 8

*Alpha Phi Int'l Fraternity, Inc. v. President & Fellows of Harvard Coll.*,
    Civ. A. No. 1884-03729-E, Dkt. No. 15 (Mass. Super. Ct. Jan. 9, 2020) .................4

*Am. Postal Workers Union v. Frank*,
    968 F.2d 1373 (1st Cir. 1992) ...................................................................................3

*ASU Students for Life v. Crow*,
    357 F. App'x 156 (9th Cir. 2009) .............................................................................7

*Bostock v. Clayton County*,
    ___ S. Ct. ___, 2020 WL 3146686 (June 15, 2020) ...................................... *passim*

*Boston's Children First v. City of Boston*,
    395 F.3d 10 (1st Cir. 2005) ....................................................................................4, 5

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983) .....................................................................................................3

*CMM Cable Rep., Inc. v. Ocean Coast Props., Inc.*,
    48 F.3d 618 (1st Cir. 1995) .......................................................................................6

*Coll. Standard Magazine v. Student Ass'n of State Univ. of N.Y. at Albany*,
    610 F.3d 33 (2d Cir. 2010) (per curiam) ..................................................................7

*Cruz v. Farquharson*,
    252 F.3d 530 (1st Cir. 2001) ..................................................................................2, 3

*Friends of the Earth v. Laidlaw Envt'l Servs. (TOC), Inc.*,
    528 U.S. 167 (2000) ................................................................................................2, 5

*Goodwin v. C.N.J., Inc.*,
    436 F.3d 44 (1st Cir. 2006) .......................................................................................4

*Lewis v. Azar*,
    308 F. Supp. 3d 574 (D. Mass. 2018) ......................................................................3

*Princeton Univ. v. Schmid*,
   455 U.S. 100 (1982) (per curiam) .............................................................................7

*Rock for Life-UMBC v. Hrabowski*,
   411 F. App'x 541 (4th Cir. 2010) .............................................................................7

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) .....................................................................................................4

*Students for a Conservative Am. v. Greenwood*,
   378 F.3d 1129 (9th Cir. 2004) ..................................................................................7

*Thomas R.W. v. Mass. Dep't of Educ.*,
   130 F.3d 477 (1st Cir. 1997) .....................................................................................5

## INTRODUCTION

Defendant President and Fellows of Harvard College ("Harvard") respectfully submits that this case is now moot.  Plaintiffs brought this case to challenge Harvard's policy withholding certain benefits from students who join unrecognized single-gender social organizations (the "Policy").  Plaintiffs seek only declaratory and injunctive relief from that Policy.  On Friday, June 26, 2020, taking into consideration the Supreme Court's recent decision in *Bostock v. Clayton County*, 140 S. Ct. ___, 2020 WL 3146686 (June 15, 2020), the Harvard Corporation voted to rescind its prior approval of that Policy, effective as soon as the change could be announced (which was today, June 29, 2020).  Plaintiffs therefore no longer need the courts to grant them any relief from the Policy.  The case is moot and must be dismissed.

## PROCEDURAL BACKGROUND

Plaintiffs brought this action to invalidate the Policy.  To that end, they sought only declaratory and injunctive relief.  From the first page of their complaint, they made clear that what they sought was for the Policy to "be declared unlawful and enjoined."  Compl., ECF No. 1, at 1.  Their prayer for relief likewise sought a declaratory judgment that the Policy violates Title IX; a declaratory judgment that the Policy violates the Massachusetts Civil Rights Act ("MCRA"); and a permanent injunction "prohibiting Harvard from enforcing [the] Policy," plus costs and attorney's fees due a prevailing party.  *Id.* at 71-72.

This Court held that Plaintiffs could state a claim for sex discrimination under Title IX, notwithstanding that the Policy applied to students irrespective of gender.  The Court relied on several recent cases interpreting Title VII to reach discrimination based on sexual orientation or gender identity—cases whose reasoning the Supreme Court subsequently adopted in *Bostock*. *See* ECF No. 39, at 15-19.  Discovery is now underway, and this Court has not yet determined

whether Plaintiffs can substantiate their factual allegations or considered Harvard's defenses to liability (*see* Answer, ECF No. 42, at 31).

On June 26, 2020, following the Supreme Court's decision in *Bostock*, the Harvard Corporation voted to rescind the Policy. *See* Ex. A, at 1. The rescission was announced today (June 29, 2020). The rescission is effective immediately, and Harvard is not adopting a replacement; it has no intention of reimposing the Policy. In its announcement, Harvard noted that the Supreme Court had just interpreted the prohibition on sex discrimination in Title VII in a way consistent with this Court's interpretation of Title IX in its decision on the motion to dismiss. *See id.*

## ARGUMENT

Claims for prospective relief become moot when the defendant ends the conduct over which the plaintiff is suing and "the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). Under that standard, this case is moot. First, Plaintiffs seek only declaratory and injunctive relief, and for a policy that Harvard has now withdrawn. Second, the challenged conduct cannot reasonably be expected to recur, because Harvard has issued a public statement that it will no longer enforce the Policy in light of the Supreme Court's decision in *Bostock*, and Harvard represents to this Court that it has no intention of reinstating a similar policy in the future.

## I.   THE POLICY'S RESCISSION MOOTS PLAINTIFFS' CLAIMS FOR RELIEF.

Plaintiffs brought this case to enjoin the Policy, but the Policy has now been rescinded. Plaintiffs' claims for prospective relief therefore are moot, and the case must be dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *E.g.*, *Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001) ("When a case is moot—that is, when

the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome—a case or controversy ceases to exist, and dismissal of the action is compulsory."); *see also Lewis v. Azar*, 308 F. Supp. 3d 574, 577 (D. Mass. 2018) (Gorton, J.) ("The mootness doctrine ensures that claims are to be justiciable throughout the litigation and not only when a claim is initially filed.").

Harvard's rescission of the Policy is unequivocal, immediate, and definitive.  The Harvard Corporation, which governs the University in similar fashion to a board of trustees (*see* Compl. ¶ 56; Answer ¶ 56), has voted to end the Policy.  *See* Ex. A.  That decision is and will remain binding on Harvard's faculty and staff.  The rescission is effective immediately, and no student faces any sort of discipline for violating the Policy (even past violations).  *See id.*

That leaves no live controversy between the parties.  Plaintiffs have maintained since this case's inception that they seek only that the "Policy . . . be declared unlawful and enjoined." Compl. at 1; *accord, e.g.*, *id.* ¶ 23 (alleging that "[b]ecause Harvard's Sanctions Policy harms Plaintiffs in violations of Title IX and . . . the [MCRA], the Court should declare that the Sanctions Policy is unlawful and enjoin its enforcement").  Since Harvard has fully withdrawn and is not enforcing the Policy, no injunctive or declaratory relief is available to Plaintiffs, whether under Title IX or (to the extent it survived the Court's decision on Harvard's motion to dismiss) the MCRA.  Plaintiffs face no threat of future harm from the Policy that could justify an injunction, *see City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983), and they cannot obtain a declaratory judgment based on purely past conduct, *American Postal Workers Union v. Frank*, 968 F.2d 1373, 1377 & n.4 (1st Cir. 1992).

Plaintiffs have disavowed any claim for any retrospective relief.  Their prayer for relief

omits any reference to damages. *See* Compl. at 71-72.[1] And Plaintiffs themselves disavowed any claim to damages in a (successful) bid to resist Harvard's challenge to associational standing (*see* ECF No. 30, at 8-9). In opposing Harvard's motion to dismiss, they expressly stated that "Plaintiffs request only declaratory and injunctive relief," and argued that individual participation was not necessary for that reason. ECF No. 34, at 8. This Court agreed, finding that element of associational standing satisfied because the "fact-specific inquiry" of individual-member damages was "unnecessary for the awarding of declaratory or injunctive relief." ECF No. 39, at 12-13.[2] Having won the standing argument because they were *not* seeking damages, Plaintiffs cannot now claim that they have been seeking damages all along.

The only other specific relief Plaintiffs request is an award of costs and attorney's fees, which are available only to a prevailing party. Compl. at 72. But Plaintiffs' "interest in a possible award of attorneys' fees is not enough to create a justiciable case or controversy if none exists on the merits of the underlying claim." *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 51 (1st Cir. 2006) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990)); *accord Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) ("The litigation must give the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself.").[3]

---

[1] Although this Court stated in passing that the case "involves claims for declaratory and injunctive relief, as well as damages," ECF No. 39, at 1, in fact Plaintiffs' Complaint seeks no damages. *See* Compl. at 71-72.

[2] Similarly, in the parallel case brought in state court by other Greek organizations, the Superior Court held that the plaintiff organizations "are precluded from seeking money damages on behalf of their members under the MCRA because monetary claims are peculiar to their individual members." *Alpha Phi Int'l Fraternity, Inc. v. President & Fellows of Harvard Coll.*, Civ. A. No. 1884-03729-E, Dkt. No. 15 (Mass. Super. Ct. Jan. 9, 2020).

[3] Moreover, because Plaintiffs have not obtained and will not obtain any judicial relief in this action, they are not a prevailing party entitled to an award of costs or attorneys' fees, since "[a] voluntary change in conduct . . . is not sufficient to confer prevailing party status." *Boston's*

The Complaint closes with a catch-all prayer for "[s]uch other relief as this Court may deem just and proper," Compl. at 72, but that has no effect on the mootness analysis.  Such a catch-all does not "operate to preserve a request for damages in order to avoid mootness." *Thomas R.W. v. Mass. Dep't of Educ.*, 130 F.3d 477, 480 (1st Cir. 1997).

Plaintiffs' claims for declaratory and injunctive relief are moot, and neither their request for fees and costs nor their general prayer for relief presents a live controversy.

## II.    THE CHALLENGED CONDUCT WILL NOT RECUR.

Harvard's decision to withdraw the Policy renders Plaintiffs' claims moot, because Harvard has made a definitive commitment that Plaintiffs will not again be subject to the Policy or its substance.  While Harvard had asserted valid defenses to liability, the Supreme Court's decision in *Bostock* at a minimum changed the legal landscape.  With the benefit of that decision, Harvard decided to rescind the Policy, and not to replace it.  Neither the Supreme Court nor Harvard is going to change its mind.  Accordingly, Plaintiffs do not have a live claim for prospective relief from this Court and are not going to need such relief in the future.

Claims for prospective relief become moot when the defendant ends the conduct over which the plaintiff is suing and "the allegedly wrongful behavior could not reasonably be expected to recur."  *Friends of the Earth*, 528 U.S. at 190.  Where this low probability is "absolutely clear," the case is moot, *id.*:  in other words, where the likelihood that the challenged conduct will recur is "very low, mootness ought to follow."  *Adams v. Bowater Inc.*, 313 F.3d 611, 613 (1st Cir. 2002).  If the probability that the challenged conduct will recur is neither "high" nor "very low," or if it is "very hard to estimate," courts consider "other factors, including

---

*Children First v. City of Boston*, 395 F.3d 10, 14 (1st Cir. 2005) (discussing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 600-10 (2001)).

equitable or other considerations." *Id.* at 613-14.  Here there is no probability that Plaintiffs or their members will again be subjected to the Policy, and all the equitable considerations favor dismissal.

The probability of recurrence here is "very low"—in fact, zero—because, in light of the Supreme Court's decision in *Bostock*, Harvard has stated publicly that it will no longer enforce the Policy, and now represents to this Court that it has no intention of reinstating the policy in the future.  *See* Ex. A; p. 2, *supra*.  That is precisely the type of assurance that the First Circuit looked for in *Adams*, a case in which the defendant voluntarily withdrew a challenged amendment to its ERISA plan.  While the defendant "could easily have said on the record that it would not in the future reintroduce . . . the substance of the challenged amendment," the defendant did the opposite—it stated that it "could not give such a commitment to the plaintiffs." 313 F.3d at 614.  By contrast, if the defendant *had* given such assurance "without hesitation in the district court," the First Circuit observed, "*this almost certainly would have persuaded us that the quarrel was moot.*"  *Id.* (emphasis added); *see also, e.g.*, *CMM Cable Rep., Inc. v. Ocean Coast Props., Inc.*, 48 F.3d 618, 622 (1st Cir. 1995) (finding appeal moot because there was no "reasonable expectation of reoccurrence" of the allegedly wrongful acts in light of counsel's "express representation" at oral argument).  In *Adams*, the First Circuit surmised that the defendant's reluctance to give the relevant assurances stemmed from its hope that the law might develop in its favor.  313 F.3d at 614 ("[I]magine that a couple of favorable appellate decisions come down the pike next year.").  Here the Supreme Court's decision in *Bostock* has definitively resolved the issue it addressed.

A host of cases have held that challenges to university policies become moot when the university withdraws the challenged policy.  *E.g.*, *Princeton Univ. v. Schmid*, 455 U.S. 100, 103

(1982) (per curiam) (holding private university's "substantial[] amend[ment]" of challenged regulation mooted controversy over its validity); *Students for a Conservative Am. v. Greenwood*, 378 F.3d 1129, 1131 (9th Cir. 2004), *amended*, 391 F.3d 978 (9th Cir. 2004) (holding case moot and absolutely certain not to recur "[b]ecause the University has withdrawn the challenged provisions and committed not to reenact them unless federal law changes"); *Coll. Standard Magazine v. Student Ass'n of State Univ. of N.Y. at Albany*, 610 F.3d 33 (2d Cir. 2010) (per curiam) (finding First Amendment claim was moot where student association of state university amended its constitution to require viewpoint-neutral distribution of university funds); *Rock for Life-UMBC v. Hrabowski*, 411 F. App'x 541, 550 (4th Cir. 2010) (holding facial challenge to university policy was moot because, "[i]f the policy was indeed facially overbroad, UMBC's permanent revisions cured this defect and removed any threat of content-based enforcement in the future"); *ASU Students for Life v. Crow*, 357 F. App'x 156, 157-58 (9th Cir. 2009) (holding claims for prospective relief were moot and that it was "absolutely clear" that university "will not revert to its 2005 policy because, among other reasons, Appellees stated in open court that ASU will not return to that policy and [the new] requirements are consistent with current case law") (citation omitted).  Harvard's withdrawal of its Policy has likewise "removed any threat" to Plaintiffs, and Harvard's representation to this Court is likewise a "commitment" not to return to the Policy in the future.

Harvard's commitment has particular force because it rests on a decision made not by a single administrator or even by the President, but by the Harvard Corporation, a 13-member continuing body.  Moreover, even if there were some more-than-fanciful possibility that Harvard would reinstate the substance of the Policy, the history of the Policy's adoption—a lengthy study period, advance notice, and grandfathering of all students who matriculated before the Policy's

adoption—refutes any notion that Harvard would apply that Policy to any Plaintiff, or current member of any of the Plaintiffs, during their remaining undergraduate careers.

Because Harvard has "said on the record that it [will] not in the future reintroduce . . . the substance of the challenged [policy]," the probability of the challenged conduct recurring is "very low" and the case must be dismissed as moot.  *Adams*, 313 F.3d at 613-14.  But even if this were a case in which the likelihood of recurrence were "in the middle ground" or "very hard to estimate," *id.*, the equities strongly favor dismissal.  Harvard has affirmatively represented that it will not reinstate the Policy, *see* p. 2, *supra*, meaning that Plaintiffs and their members face no uncertainty in pursuing the remainder of their undergraduate careers.  *Compare Adams*, 313 F.3d at 614 (holding that defendant's unwillingness to promise not to reinstate ERISA retirement plan amendment created "uncertainties" impairing workers' ability "to plan their careers, and their savings," in the years before retirement).  And given the lengthy process necessary to adopt the Policy, pp. 7-8, *supra*, this is not a case in which the defendant could reintroduce the challenged policy "without cost to [itself] at a moment's notice."  *Adams*, 313 F.3d at 614.

While the Supreme Court's decision in *Bostock* motivated Harvard's rescission of the Policy, mootness does not depend on whether Harvard has conceded liability or abandoned its defenses.  "Mootness turns primarily on future threats, not upon penance," and a case may be moot despite a defendant's refusal to "denounce [its] own conduct."  *Id.* at 615 (noting valid reasons why a defendant may not concede that an abandoned position was unlawful); *accord ACLU of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 55 n.9 (1st Cir. 2013) ("It is not a purpose of the doctrine to require an admission from the defendant that the now ceased conduct was illegal.").  The challenge to the Policy is moot for the simple reason that the Policy no longer exists, and will not return.

## <u>CONCLUSION</u>

Harvard has voluntarily withdrawn the Policy, leaving no relief for Plaintiffs to pursue in

this Court.  This case is moot, and the Court should dismiss it in its entirety under Rule 12(b)(1).


 Dated: June 29, 2020                                  Respectfully submitted,

                                                       PRESIDENT AND FELLOWS OF HARVARD
                                                       COLLEGE

                                                       By its attorneys,


                                                       */s/ Roberto M. Braceras*
                                                       Roberto M. Braceras (BBO# 566816)
                                                       Michael K. Murray (BBO# 563804)
                                                       Edwina B. Clarke (BBO# 699702)
                                                       Martin C. Topol (BBO# 696020)
                                                       Andrew S. McDonough (BBO# 698612)
                                                       GOODWIN PROCTER LLP
                                                       100 Northern Avenue
                                                       Boston, Massachusetts 02210
                                                       Tel.: +1 617 570 1000
                                                       Email: rbraceras@goodwinlaw.com
                                                       mmurray@goodwinlaw.com
                                                       eclarke@goodwinlaw.com
                                                       mtopol@goodwinlaw.com
                                                       amcdonough@goodwinlaw.com

                                                       William M. Jay (*pro hac vice*)
                                                       GOODWIN PROCTER LLP
                                                       1900 N Street, N.W.
                                                       Washington, DC  20036
                                                       Tel.: +1 202 346 4000
                                                       E-mail: wjay@goodwinlaw.com

## **CERTIFICATE OF SERVICE**

I, Roberto M. Braceras, hereby certify that on June 29, 2020, a true copy of the foregoing Memorandum was served by CM/ECF or via first-class mail upon all other counsel of record in this action.


June 29, 2020                                        */s/ Roberto M. Braceras*
                                                     Roberto M. Braceras