# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

KAPPA ALPHA THETA FRATERNITY,
INC.; KAPPA KAPPA GAMMA
FRATERNITY; SIGMA CHI, SIGMA
ALPHA EPSILON; SIGMA ALPHA
EPSILON—MASSACHUSETTS
GAMMA; JOHN DOE 1; JOHN DOE 2;
JOHN DOE 3,

          Plaintiffs,

    v.

HARVARD UNIVERSITY; PRESIDENT,
AND FELLOWS OF HARVARD
COLLEGE (HARVARD
CORPORATION),

          Defendant.

Civil Action No.  18-cv-12485-NMG

## HARVARD'S RESPONSE TO PLAINTIFFS' MOTION TO MODIFY
## THE SCHEDULING ORDER (ECF No. 56)

Defendant President and Fellows of Harvard College ("Harvard") has rescinded the

Policy that Plaintiffs seek to enjoin through this litigation and has moved to dismiss this case

as moot.  ECF Nos. 59, 60.  Harvard submits that there is no need to enter a case scheduling

order at this time, and that it makes more sense for the parties to jointly propose a better

tailored schedule once the Court resolves what remains of this case, if anything.  Indeed, the

schedule that Plaintiffs seek to "modify" was proposed by the parties but has not been

entered by the Court.  Accordingly, the Court need not definitively set a new schedule at this

point.  Harvard further states:

1.     The parties proposed the case schedule in their Joint Statement on September

27, 2019 (ECF No. 43), well before the COVID-19 pandemic, which has materially affected

the parties' ability to propound and respond to discovery.

2.     The pandemic has had significant and disruptive impacts on Harvard, requiring it to, among other things, transition to remote learning in the spring semester and develop plans for the fall semester that account for the virus.  These impacts have significantly complicated and disrupted Harvard's ability to provide discovery to Plaintiffs and will continue to do so if discovery proceeds.[1]

3.     Plaintiffs' Motion to Modify assumes that the Policy will remain in effect and proposes a schedule accordingly.  In discussions leading up to that Motion, Harvard requested a lengthier fact discovery period, and further adjustments to the remaining dates to accommodate it.  Plaintiffs stated that they would agree to Harvard's proposed schedule if Harvard would suspend the Policy.  Although Harvard was not able to agree at that time, the Supreme Court has now issued its decision in *Bostock v. Clayton County*, No. 17-1618 (U.S. Jun 15, 2020), and Harvard has not just suspended but rescinded the Policy.  Plaintiffs' primary objection to the longer discovery period Harvard seeks—the continued existence of the Policy—therefore has lost any force.

4.     In light of Harvard's withdrawal of the Policy and its pending Motion to Dismiss, Harvard submits that the schedule may be extended provisionally as Plaintiffs request (so that it is clear that the discovery period has not closed), but that the dates Plaintiffs have proposed should not be set as the final case management schedule.  Rather, the parties should meet and confer on a revised case management schedule if necessary

---

[1] Contrary to Plaintiffs' suggestion, Plaintiffs' document production is not "complete."  Motion at ¶ 3.  The organizational Plaintiffs refused to produce documents in response to several of Harvard's first document requests pending a meet and confer, which has not yet occurred.  Were this case to proceed, Harvard reserves the right to propound discovery on the John Doe plaintiffs and to propound additional discovery on the organizational Plaintiffs.

following the Court's resolution of Harvard's Motion to Dismiss.

For the foregoing reasons, Harvard agrees that the case schedule may be extended provisionally as proposed by Plaintiffs, but requests that the Court reserve decision on final modifications to the schedule until after it resolves the pending motions based on Harvard's decision to rescind the Policy and the parties are able to meet and confer in light of that development.

Dated: July 2, 2020

Respectfully submitted,
PRESIDENT AND FELLOWS OF
HARVARD COLLEGE

By its attorneys,

 _/s/ Roberto M. Braceras_
Roberto M. Braceras (BBO# 566816)
Michael K. Murray (BBO# 563804)
Edwina B. Clarke (BBO# 699702)
Martin C. Topol (BBO# 696020)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: +1 617 570 1000
rbraceras@goodwinlaw.com
mmurray@goodwinlaw.com
eclarke@goodwinlaw.com
mtopol@goodwinlaw.com

William M. Jay (*pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
wjay@goodwinlaw.com

## **CERTIFICATE OF SERVICE**

I, Roberto M. Braceras, hereby certify that on July 2, 2020, a true copy of the foregoing

Response was served by CM/ECF upon all other counsel of record in this action.


July 2, 2020                                                    */s/ Roberto M. Braceras*
                                                               Roberto M. Braceras